# EXHIBIT "B"

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax

CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
DOLLAR TREE STORES, INC.

**FILED**

SEP 13 2021

CLERK OF THE SUPERIOR COURT
BY: K. BOWMAN, DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SHASTA – REDDING MAIN COURTHOUSE

| | |
|---|---|
| TAMMY WHITEHURST,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., DOES 1 to 100,<br><br>Defendants. | Case No.: SCRDCVPO21-0197700-000<br>*Civil Unlimited Jurisdiction*<br>*[Assigned to Hon. Tamara L. Wood, Dept. 8]*<br><br>**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: July 2, 2021 |

Defendant DOLLAR TREE STORES, INC., for itself alone and for no other defendant, hereby answers plaintiff TAMMY WHITEHURST's complaint and admits, denies, and alleges as follows:

1. Under the provisions of Section 431.30 of the California *Code of Civil Procedure*, this answering defendant denies both generally and specifically each allegation in said Complaint and the whole thereof, including each and every purported cause of action contained therein, and denies that the plaintiff sustained damages in any sum or sums, or at all.

2. Further answering plaintiff's Complaint on file herein and the whole thereof, including each and every purported cause of action contained therein, this answering defendant denies that the plaintiff sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering defendant, or any agent, servant or employee of this answering

- 1 -

defendant.

FOR A FIRST, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

3. That plaintiff is barred from any recovery herein on the basis that her own negligence was the sole and proximate cause of the accident and injuries sustained herein, but in the event a finding is made that negligence exists on the part of this answering defendant which proximately contributed to plaintiff's injuries and/or damages, plaintiff's amount of recovery, if any, shall be reduced on the basis of her own comparative negligence which contributed to the accident herein and the injuries and/or damages and claims upon which plaintiff is seeking recovery against this answering defendant.

FOR A SECOND, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

4. That the injuries and damages, if any, sustained by plaintiff were proximately caused by the negligence, carelessness or fault of others, and therefore the plaintiff may recover from this defendant only that apportionment of damages directly attributable to the negligence, carelessness or fault of this answering defendant (which allegation is being made solely for the purpose of this pleading and without admitting such to be the fact).

FOR A THIRD, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

5. That if it is determined that one or any combination of named or unnamed defendants proximately caused any injury to the plaintiff, any liability for damages against this answering defendant be negated or reduced upon the comparative fault of the remaining co-defendants.

///

///

///

**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

FOR A FOURTH, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

6.     That the Complaint and each of the purported Causes of Action therein complained fail to state a Cause of Action against this answering defendant.

FOR A FIFTH, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

7.     That plaintiff's Complaint herein, and the whole thereof, and each purported cause of action contained therein is barred by the running of the applicable statute of limitations as is embodied in California *Code of Civil Procedure*, Sections 335.1, 338, 339, 340, 343.

FOR A SIXTH, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

8.     That immediately prior to the occurrence of the incident referred to in the Complaint herein, plaintiff failed to use and exercise caution for her own protection, and safety in that among other things Plaintiff freely and voluntarily placed herself in a position so as to be exposed to a likelihood of injury and that at the time and place of said accident, plaintiff was fully aware of the dangers incident thereto and continued to freely and voluntarily expose herself to same, and thereby assumed the risk thereof, and in having assumed the risk, is therefore barred by the assumption of the risk for any recovery herein or the applicable abatement of such recovery, if any, herein.

FOR A SEVENTH, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

9.     That if plaintiff sustained any injuries or damages as a result of the accident or incident complained of herein, then plaintiff proximately caused, aggravated and/or failed to take proper action to reduce and/or mitigate said injuries and damages.

///

**FOR AN EIGHTH, SEPARATE AND**

**DISTINCT AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

10. In accordance with the provisions of California *Civil Code* Section 1431, et. seq., the liability of this answering defendant, if any, must be compared with the liability of others including plaintiff herein. This defendant is not liable for any greater percentage of non-economic damages if any than its percentage of liability bears to 100% liability.

**FOR A NINTH, SEPARATE AND**

**DISTINCT AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

11. Any danger posed by the allegedly dangerous condition was open and obvious, and plaintiff therefore may not hold this answering defendant liable for any damages incurred as a result of her voluntarily encountering an open and obvious risk.

**FOR A TENTH, SEPARATE AND**

**DISTINCT AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

12. The Complaint, and each purported cause of action contained therein, cannot be maintained under the doctrine of laches because of Plaintiff's prejudicial delay in asserting them.

**ADDITIONAL DEFENSES:**

13. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses available. Defendant hereby reserves the right to assert additional defenses if discovery indicates that they would be appropriate.

WHEREFORE, defendant prays for judgment against plaintiff as follows:

1. The Complaint be dismissed with prejudice;

2. Plaintiff take nothing by way of the Complaint;

3. Judgment be entered in favor of defendant and against plaintiff on all causes of action;

4. Defendant be awarded costs of suit incurred herein; and,

5. Defendant be awarded such other and further relief as this Court may deem just and proper.

Dated: September 13, 2021

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
DOLLAR TREE STORES, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Diane L. Balma, Esq.<br>LASKIN BALMA<br>ATTORNEYS AT LAW<br>1810 S. Street<br>Sacramento, CA  95811<br>Tel: 916-329-9010<br>Fax: 916-442-0444<br>Email: DBalma@laskinlaw.com | Attorneys for Plaintiff, TAMMY WHITEHURST |

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ___ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, California.

   c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 6 -

**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT**

d. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X** **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/13/2021 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

### DECLARATION OF MESSENGER

___ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32248\Pleadings\Answer.docx

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax

CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
DOLLAR TREE STORES, INC.

**FILED**

SEP 1 3 2021

CLERK OF THE SUPERIOR COURT
BY: K. BOWMAN, DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SHASTA – REDDING MAIN COURTHOUSE

| | |
|---|---|
| TAMMY WHITEHURST,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br>DOES 1 to 100,<br><br>    Defendants. | Case No.: SCRDCVPO21-0197700-000<br>*Civil Unlimited Jurisdiction*<br>*[Assigned to Hon. Tamara L. Wood, Dept. 8]*<br><br>**DEFENDANT DOLLAR TREE STORES, INC.'S DEMAND FOR TRIAL BY JURY**<br><br>Complaint Filed: July 2, 2021 |

Defendant DOLLAR TREE STORES, INC. hereby demands trial by jury in this action

Dated: September 13, 2021

THARPE & HOWELL, LLP

By: /s/ Andrea Breuer
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
DOLLAR TREE STORES, INC.

- 1 -
**DEFENDANT DOLLAR TREE STORES, INC.'S DEMAND FOR TRIAL BY JURY**

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT DOLLAR TREE STORES, INC.'S DEMAND FOR TRIAL BY JURY**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Diane L. Balma, Esq.<br>LASKIN BALMA<br>ATTORNEYS AT LAW<br>1810 S. Street<br>Sacramento, CA 95811<br>Tel: 916-329-9010<br>Fax: 916-442-0444<br>Email: DBalma@laskinlaw.com | Attorneys for Plaintiff, TAMMY WHITEHURST |
|---|---|

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ___ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

   c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 2 -

**DEFENDANT DOLLAR TREE STORES, INC.'S DEMAND FOR TRIAL BY JURY**

    d.  ____  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

    e.  __X__  **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.    I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/13/2021 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32248\Pleadings\Demand for Jury Trial.docx