UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Whitehurst, | No. 2:21-cv-01986-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Dollar Tree Stores, Inc., et al., | |
| Defendants. | |

    On July 2, 2021, plaintiff Tammy Whitehurst filed this slip-and-fall lawsuit against Dollar Tree Stores, Inc. (Dollar Tree) in the Superior Court for the State of California, County of Shasta. *See generally* Compl. Not. Removal Ex. A, ECF No. 1-1. Dollar Tree timely removed to this court on October 26, 2021, invoking this court's diversity jurisdiction. *See* Not. Removal ¶ 1, ECF No. 1. On February 1, 2022, the parties filed a joint stipulation in which plaintiff agreed to cap her total recovery at $74,999.99. *See* Joint Stip. ¶ 6, ECF No. 7. The parties then "agree[d] that because the amount in controversy in this matter no longer exceeds $75,000.00, subject matter jurisdiction is lacking," *id.* ¶ 10, and the case should be remanded, *id.* ¶ 11.

    The court disagrees. Jurisdiction must be analyzed based on the pleadings on file at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings

1

1    filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). The
2    Supreme Court, in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, held that "events occurring
3    subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's
4    control or the result of his volition, do not oust the district court's jurisdiction once it has
5    attached." 303 U.S. 283, 293 (1938). In this case, plaintiff has now agreed to cap her damages at
6    $74,999.99, and the parties request that the case be remanded on that ground. *See generally* Joint
7    Stip. But the joint stipulation was filed more than three months after Dollar Tree removed the
8    matter to this court. *See id.* at 4. Thus, because the court is limited to reviewing the pleadings on
9    file in state court at the time the case was removed, the parties' post-removal damages cap cannot
10   divest this court of jurisdiction. *Cf. Guglielmino v. Mckee Foods Corp.*, 506 F.3d 696, 705 (9th
11   Cir. 2007) (noting "party might file a binding stipulation, prior to removal, that it will not seek
12   more in recovery than the jurisdictional threshold").

13           There is, however, one exception to this rule. While a plaintiff may not defeat diversity
14   jurisdiction by using a stipulation to reduce or change her demand for damages, *see St. Paul*
15   *Mercury*, 303 U.S. at 293, a post-removal stipulation may show the absence of jurisdiction if it
16   clarifies the preexisting amount in controversy, *see Gillette v. Peerless Ins. Co.*, No. 13-03161,
17   2013 WL 3983872, *3–4 (C.D. Cal. July 31, 2013). In other words, a post-removal stipulation
18   demonstrating that the amount in controversy was $75,000 or less at the time of removal may be
19   sufficient to show lack of jurisdiction.

20           That is not the case here. The parties' joint stipulation reads like a clear compromise:
21   Dollar Tree agrees to remand this case if plaintiff agrees to cap her damages. *See, e.g.*, Joint Stip.
22   ¶ 7 (agreeing that plaintiff waives her right to collect any portion of a judgment or award that
23   exceeds $74,999.99); *id.* ¶ 10 ("The parties hereby agree that because the amount in controversy
24   in this matter *no longer exceeds* $75,000, subject matter jurisdiction is lacking" (emphasis
25   added)); *id.* ¶ 11 ("The parties further agree that in light of their agreement to cap Plaintiff's total
26   recovery at $74,999.99, the matter should be remanded . . . ."). There is nothing in the joint
27   stipulation that can be interpreted as plaintiff's simply clarifying the pre-removal amount in
28   controversy. Accordingly, the parties' request that this case be remanded to state court is **denied**.

1    This order resolves ECF No. 7.

2    IT IS SO ORDERED.

3    DATED: February 14, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE